UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BROADCAST MUSIC, INC.; HOUSE OF
CASH, INC.; GREGMARK MUSIC, INC.;
LORD AND WALKER PUBLISHING; and
SONY/ATV SONGS LLC,

        Plaintiffs,

   v.

TERRY WRAY, SR.,

        Defendant.

Case No. 17-cv-284-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion for summary judgment filed by plaintiffs Broadcast Music, Inc. ("BMI"); House of Cash, Inc.; Gregmark Music, Inc.; Lord and Walker Publishing; and Sony/ATV Songs LLC (Doc. 34). Defendant Terry Wray Sr. failed to respond to the motion, and on October 12, 2018, the Court ordered him to show cause why it should not construe his failure to respond to the summary judgment motion as an admission of the merits of the motion under Local Rule 7.1(c). It further warned Wray that the Court might grant summary judgment for the plaintiffs if he failed to respond in a timely manner to the order to show cause. Wray failed to respond to the order to show cause. The Court construes Wray's failure to respond as an admission of the merits of the plaintiffs' summary judgment motion and will, accordingly, grant that motion.

Merits

        It is particularly appropriate to construe Wray's failure to respond as an admission of the merits of the motion because it appears from the materials in the record that the plaintiffs are entitled to summary judgment on their copyright infringement claims under the Copyright Act, 17 U.S.C. § 101 *et seq.* To establish a cause of action for copyright infringement, a plaintiff

must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 760 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 681 (2017). The defendant then has the burden of proving the copying was authorized. *Muhammad-Ali*, 832 F.3d at 760-61. Generally, an owner may not sue for copyright infringement until he has registered the copyright in the work at issue with the United States Copyright Office. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010).

In their summary judgment motion, the plaintiffs have presented evidence establishing their copyright claims for three subject works: "Wonderwall," "Folsom Prison" a/k/a "Folsom Prison Blues," and "Stormy Monday" a/k/a "They Call It Stormy Monday" a/k/a "Call It Stormy Monday." Specifically, they have presented evidence of their authorship and/or ownership of the three works and of the works' registration with the United States Copyright Office. They have also presented evidence that the Towne Lounge, a club Wray owns, operates and does business as, played this music without authority. There is evidence that plaintiff BMI, on behalf of all plaintiffs, informed Wray as early as 2015 and numerous times of the need to obtain a license before publicly performing music it licensed, but Wray failed to obtain the necessary license. The evidence shows that when BMI asked Wray to cease, he continued the public performances. Specifically, BMI points to evidence of willful unauthorized performance of the three musical compositions on November 3-4, 2016. Thus, the evidence in the record establishes the plaintiffs' entitlement to judgment as a matter of law for their copyright infringement claims.

Damages

As for remedies, under 17 U.S.C. § 504(c)(2), a plaintiff whose copyright has been infringed may elect to recover either the actual damages suffered and any profits made by the

infringers, or statutory damages. Statutory damages are available in the amount of $750 to $30,000 for each infringement, 17 U.S.C. § 504(c)(1), or a sum of not more than $150,000 if the infringement was willful, 17 U.S.C. § 504(c)(2).

In this case, the plaintiffs seek statutory damages for Wray's willful disregard of the plaintiffs' copyrights in the total amount of $12,000, or $4,000 for each of the three cited infringements. This is an amount approximately 3.6 times the cost of a license that would have covered the approximately three years since the plaintiffs became aware of Wray's infringement. The Court finds that the amount requested is adequate but not excessive to achieve the purposes of the Copyright Act to protect and support creative work of authors and to encourage compliance with the Copyright Act by the defendant and others. Furthermore, it is rationally related to the approximate three years Wray is alleged to have willfully performed music licensed by BMI without authorization. Therefore, the Court finds the amount requested in statutory damages is appropriate.

Injunctive Relief

Under 17 U.S.C. § 502, the plaintiffs seek a permanent injunction enjoining and restraining Wray, his agents, servants, employees, and all persons acting under his permission and authority, from infringing, in any manner, the copyrighted musical compositions licensed by BMI. *See* Compl., Prayer for Relief ¶ 1 (Doc. 1). The Copyright Act allows this Court, in its discretion, to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To obtain a permanent injunction, a plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a

3

> remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). The Court may not forgo inquiry into these four factors simply because the Copyright Act states that it may issue a permanent injunction. *Id.* at 392-92.

The plaintiffs have not addressed any of the four factors the Court must consider when deciding whether to grant a permanent injunction, even in a copyright infringement case. In fact, the cases its cites in support of its request for a permanent injunction either predate *eBay* or post-date *eBay* but fail to cite it. Accordingly, the Court will deny the plaintiffs' request for permanent injunctive relief as unsupported by relevant argument or by citation to relevant authority.

<u>Costs and Fees</u>

Finally, under 17 U.S.C. § 505, the plaintiffs seek attorney's fees and costs in the amount of $12,070 (plus $1,000 if the Court schedules an in-person hearing). The Court sees no need to schedule an in-person hearing. The Court finds this amount is reasonable and supported by the evidence in the record. Accordingly, the Court will award the plaintiffs the costs and fees they seek.

The plaintiffs' request for monetary relief being supported by evidence and legal authority, and there being no objection from Wray to awarding this relief, the Court **GRANTS** the plaintiffs' motion for summary judgment (Doc. 34) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  December 18, 2018**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**